## VAULK v STATE OF FLORIDA
### Case No. 85-259 AC
Eleventh Judicial Circuit, Appellate Division, Dade County
November 17, 1986

### APPEARANCES OF COUNSEL

**Arthur L. Vaulk** for appellant.

**Jim Smith,** Attorney General, and **Randi Klayman,** Assistant Attorney General, for appellee.

Before SALMON, GREENBAUM, KORNBLUM, JJ.

### OPINION OF THE COURT

MICHAEL H. SALMON, Judge.

After the appellant (defendant below) was issued a citation (#40728-MG) for allegedly running a red light, she requested a court hearing to plead her innocence. Due to an error regarding payment of the ticket, the case was reset. At the arraignment the appellant appeared and entered a plea of not guilty.

At trial, the officer who issued the citation appeared and testified that the appellant ran the red light in violation of § 316.074, F. S. (1985). The appellant testified and introduced a picture of the traffic scene to show that the officer's vantage point was impaired in order to determine if appellant ran the red light. Based on the officer's testimony and the appellant's testimony and picture, the judge below found the defendant (appellant) guilty and this appeal follows. Appellant contends that the officer's testimony is insufficient evidence to prove that she ran a red light.

The Court below had the opportunity to hear the officer's testimony and to hear the defendant's (appellant's) case, including observation of the photo that the defendant (appellant) introduced to support her position. Based on this, the court arrived at its conclusion that the defendant (appellant) was guilty of running a red light. Such a determination is entirely within the court's discretion. The court was swayed by the officer's testimony and, as the trier of fact, was acting within its boundaries by so deciding. Therefore, the officer's testimony is sufficient to find the defendant guilty of running a red light.

Affirmed.

KORNBLUM and GREENBAUM, JJ., concur.